[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11338
_____

D.C. Docket No. 2:14-cv-00561-JES-CM

VINCENT J. RHODES,
DIANA RHODES,

Plaintiffs-Appellants,

versus

LAZY FLAMINGO 2, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 29, 2018)

Before JILL PRYOR, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

We have had the benefit of oral argument in this case and have studied the

briefs and relevant parts of the record.  For the reasons discussed at oral argument

and noted below, we conclude that the judgment of the district court must be

reversed, and the case must be remanded for a new trial.  The jury instructions, the

questions of the jurors during deliberations, and the district court's responses thereto persuade us that the jury was misled as to the appropriate standard of care. We are left with a substantial and ineradicable doubt that the jury has been misled in its deliberations, and may have reached their verdict misunderstanding the standard of care.

Vincent Rhodes ate oysters at defendant's Lazy Flamingo restaurant, became infected with Vibrio vulnificus,[1] contracted a serious infection, and was in the hospital for five days. Rhodes and his wife filed suit against the defendant, Lazy Flamingo, alleging inter alia negligence per se.

The relevant regulation, Florida Administrative Code §64D-3.040(8), provides as follows:

> (8) All food service establishments serving raw oysters shall display, either on menus or on table placards, the following notice: "Consumer Information: There is risk associated with consuming raw oysters. If you have chronic illness of the liver, stomach or blood or have immune disorders, you are at greater risk of serious illness from raw oysters, and should eat oysters fully cooked. If unsure of your risk, consult a physician."

Plaintiffs properly preserved objection to the following instruction to the jury, as well as to the district court's clarifying responses to questions submitted by the jury during deliberations. The challenged instruction to the jury provided:

---

[1] Vibrio vulnificus is a bacteria that is not dangerous to healthy people but is harmful to those with liver or kidney disease.

2

Plaintiffs have alleged the Defendant failed to warn Mr. Rhodes of the risks associated with consuming raw oysters as required by the Florida Administrative Code. Specifically, the administrative code provides in … 64D-3.040, "Procedures for Control of Specific Communicable Diseases, Section 8. Vibrio infections. All food service establishments serving raw oysters shall display, either on menus or on table placards, the following notice, 'Consumer Information: There is risk associated with consuming raw oysters, and if you have chronic illness of the liver, stomach, or blood, or have immune disorders, you are at a greater risk of serious illness from raw oysters, and should eat oysters fully cooked. If unsure of your risk, consult a physician.'" You may also consider the industry bulletin of Florida's food service industry dated July 11, 2011.

Shortly after jury deliberations began, the jury submitted the following question to the district court:

On page 8, instruction about … it's instruction No. 8.  64D-3.040, has this been admitted into evidence? Can we consider this Code as evidence, or may we consider only Industry Bulletin July 11, 2011?

The district court answered the question:  "Yes, you may consider both, and consider all evidence."  After deliberating a short while further, the court submitted the following two questions to the district court:

- Does the Administrative Code carry more or less weight than the Industry Bulletin?

- When was the Administrative Code (64D-3.040) became [sic] law that was provided to us on p. 8 of Instruction Booklet?

The district court answered "No – see attached" to the first question and the attachment read:

3

> Florida Administrative Code 64D-3.040(8) is evidence.  The Industry
> Bulletin for Florida's food service industry dated July 11, 2011, is
> also evidence.  You may consider both, together with all other
> evidence in reaching your verdict.

In answer to the second question, the district court told the jury that the

Administrative Code became law in 2008.

"Our role 'in reviewing a trial court's jury instructions [ ] is to assure that the

instructions show no tendency to confuse or mislead the jury with respect to the

applicable principles of law.'" Watkins v. City of Montgomery, Ala., 775 F.3d

1280, 1289-90 (11th Cir. 2014) (quoting S.E.C. v. Yun, 327 F.3d 1263, 1281

(11th Cir. 2003) (internal quotation marks and citation omitted)). "'We will not

disturb a jury's verdict unless the charge, taken as a whole, is erroneous and

prejudicial.'" Id.

For the following reasons, we conclude that the instruction, as clarified by

the district court's responses to the questions of the jury, misstated the relevant

law.  The regulation (quoted above) clearly requires that the notice be displayed

"either on menus or on table placards."  The Industry Bulletin referenced in the

jury instructions and in the district court's responses to the jury's questions

provides in relevant part:

> To inform those persons who are most likely to be affected, food
> service establishments that serve raw oysters must warn their
> customers of the risk associated with eating raw oysters.  This
> warning may be on menus, table placards, or elsewhere in plain view

4

of all customers and must be worded as follows [referencing the notice in the regulation].

Thus, the regulation requires that the notice be displayed either on menus or on table placards.   By contrast, the Bulletin allows the warning to be displayed "on menus, table placards, or elsewhere in plain view of all customers."   (emphasis in original).   The instant record contains no evidence – and the defendant Lazy Flamingo does not even argue on appeal – that the Bulletin is a reasonable interpretation of 64D-3.040(8). [2]   Thus, the appropriate standard of care evidenced in this record is set forth in 64D-3.040(8) – not in the Bulletin.

With respect to the crucial issue of whether the district court's instructions to the jury (including its clarifications in answer to the jury's questions) misled the jury with respect to the appropriate standard of care, the defendant's only arguments on appeal are:  (1) the instructions given to the jury did not actually alter the standard of care set forth in regulation 64D-3.040(8); and (2) the plaintiffs did not carry their burden of showing a causal relationship between the alleged erroneous instruction and the verdict.  We reject both of these arguments.

With respect to the first of these arguments, we conclude that the jury instructions, as clarified by the district court's responses to the questions from the jury, misled the jury.  The jury asked:  "Does the Administrative Code carry more

---

[2]    Nothing herein precludes the development of additional evidence about the authoritative nature of the Bulletin, and its effect if any on the regulation.

5

or less weight than the Industry Bulletin?"  The district court answered: "No."  The district court instructed the jury that it could consider both the regulation and the Bulletin, together with all other evidence.   We conclude that the instructions were misleading, leaving the jury with the impression that they could find no violation if the required notice were displayed only on the walls of the restaurant in plain view.

We also reject the defendant's second argument on appeal.  We are left with a substantial and ineradicable doubt that the jury has been misled into thinking it could find no violation of the Florida law notwithstanding that the required notice was displayed neither on the menus nor on table placards, as required by the regulation, but only on walls of the restaurant in plain view.  S.E.C. v. Yun, 327 F.3d 1263, 1281 n.39.

We conclude that the judgment of the district court must be reversed, and the case must be remanded for a new trial.

REVERSED and REMANDED.

6